# NO. 12-19-00153-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KARL LYNN SHACKELFORD,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO. 3* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Karl Lynn Shackelford appeals from his conviction for criminal trespass. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was charged by information with criminal trespass. Appellant, appearing pro se, pleaded "not guilty" and the matter proceeded to a jury trial. During trial, the jury heard evidence that Appellant was told to leave the Tyler Police Department on August 21, 2018, after yelling and cursing at employees working the front window. Sergeant Wendell Gardner testified that he told Appellant that he would be arrested for criminal trespass if he returned. Sergeant Gardner further testified that he was dispatched to a disturbance call in the lobby of the Tyler Police Department on September 11, 2018, and Appellant was in the lobby when the sergeant arrived. Sergeant Gardner testified that Appellant would not have been criminally trespassing if he had been at the Tyler Police Department regarding an emergency. However, that was not the case. Following evidence and argument, the jury found Appellant "guilty" of criminal trespass. After the sentencing portion of the trial, the trial court sentenced Appellant to 180 days confinement. This appeal followed.

<u>**ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA***</u>

Appellant's counsel filed a brief in compliance with ***Anders v. California*** and ***Gainous v. State***. Appellant's counsel states that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well acquainted with the facts in this case. In compliance with ***Anders***, ***Gainous***, and ***High v. State***, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[1] We have likewise reviewed the record for reversible error and have found none.

<u>**CONCLUSION**</u>

As required by ***Stafford v. State***, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby ***granted*** and the appeal is ***affirmed***.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date that the last timely motion for rehearing is overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with

---

[1] In compliance with ***Kelly v. State***, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See **Kelly v. State***, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such a brief has expired, and no pro se brief has been filed.

the requirements of Texas Rule of Appellate Procedure 68.4.  *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered March 4, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 4, 2020**

**NO. 12-19-00153-CR**

**KARL LYNN SHACKELFORD,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court at Law No. 3

of Smith County, Texas (Tr.Ct.No. 003-83674-18)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*